**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ESIP SERIES 1, LLC, a Utah limited liability company; and ESIP SERIES 2, LLC, a Utah limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>DOTERRA INTERNATIONAL, LLC, a Utah limited liability company; PUZHEN LIFE USA, LLC, a New York limited liability company; PUZHEN LLC, a New York limited liability company; and DOES COMPANIES 1-8,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING IN PART DEFENDANTS' REASONABLE ATTORNEYS' FEES**<br><br>Case No. 2:15-cv-00779-RJS<br><br>Chief Judge Robert J. Shelby |

On March 4, 2022, the court granted, in part, Defendants' Motion for Attorneys' Fees.[1] Now before the court is Plaintiffs' Motion for Reconsideration of that Order[2] and Defendants' Joint Brief Regarding the Amount of Attorneys' Fees to award.[3] For the reasons explained herein, Plaintiffs' Motion for Reconsideration is DENIED. Defendants' Requested Attorneys' Fees are GRANTED IN PART.

## BACKGROUND

Plaintiffs ESIP Series 1, LLC and ESIP Series 2, LLC (collectively ESIP) initiated this action in 2015, claiming Defendants' infringement of U.S. Patent Nos. 7,878,418 and 9,415,130

---

[1] Dkt. 142, *Memorandum Decision and Order Awarding Attorneys' Fees*.

[2] Dkt. 147, *Plaintiffs' Motion to Alter or Amend Judgment*.

[3] Dkt. 148, *Defendants' Joint Brief Re: Reasonable Attorneys' Fees*.

(the '418 patent and '130 patent, respectively).[4]  Defendants brought four counterclaims asserting non-infringement and invalidity of the same patents.[5]  The product accused of infringement, Defendants' Cloud Diffuser, breaks down essential oils into small particles and disperses them into the air.[6]

About two years after ESIP filed its initial Complaint, this action was stayed pending resolution of *inter partes* review of the '130 patent before the Patent Trial and Appeal Board (PTAB).[7]  Before PTAB ruled on the validity of the '130 patent, the parties stipulated to dismiss all claims against, and counterclaims by, Puzhen Life USA and Puzhen (collectively Puzhen), related to the '130 patent.[8]  After PTAB found the '130 patent invalid, the parties stipulated to dismiss all remaining claims and counterclaims related to the '130 patent.[9]

The parties' claims and counterclaims related to the '418 patent proceeded to claim construction and summary judgment.[10]  The court ultimately granted summary judgment for Defendants, finding non-infringement of the '418 patent.[11]

Following the court's Order Granting Summary Judgment, Defendants moved for attorneys' fees pursuant to § 285 of the Patent Act, which allows for an award of a prevailing

---

[4] *See* Dkt. 43, *Order of Consolidation* (Making Dkt. 2, *Complaint* in *ESIP Series 1 v. doTERRA Int'l*, Case No. 2:16-cv-01011 (hereinafter "Governing Complaint") the governing complaint in this consolidated action.); Governing Complaint ¶¶ 67–89.

[5] *See* Dkt. 45, *Puzhen Defendants' Answer to the Complaint, Affirmative Defenses, and Counterclaims* at 11–14.

[6] *See* Dkt. 104, *Memorandum Decision and Order Construing Claims* at 2.

[7] Dkt. 72, *Order Granting Motion to Stay*.

[8] Dkt. 73, *Stipulated Motion for Partial Dismissal*; Dkt. 77, *Order Granting Stipulated Motion for Partial Dismissal*.

[9] Dkt. 81, *Stipulated Motion for Partial Dismissal*; Dkt. 82, *Order Granting Stipulated Motion for Partial Dismissal*.

[10] *See* Dkt. 104.

[11] Dkt. 109, *Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment*.  The remaining counterclaim for invalidity of the '418 patent was dismissed per the parties' stipulation.  *See* Dkt. 119, *Stipulation of Judgment*; Dkt. 121, *Judgment in a Civil Case*.

party's reasonable fees "in exceptional cases."[12]  The court found the case exceptional "based on the lack of substantive merit to ESIP's allegations of infringement and ESIP's inadequate pre-filing investigation."[13]  Accordingly, the court granted Defendants' Motion for Attorneys' Fees to the extent it sought fees related to litigating the claims before this court.[14]  The court declined to award Defendants their attorneys' fees related to proceedings before PTAB.[15]  The court ordered Defendants to submit further briefing on the amount of attorneys' fees incurred relating to the claims before this court.[16]

Thereafter, ESIP filed a Motion for Reconsideration of the court's decision to award attorneys' fees.[17]  Defendants, pursuant to the court's Order, filed a Joint Brief Regarding the Amount of Attorneys' Fees.[18]  Both matters being fully briefed, the court first considers ESIP's Motion for Reconsideration, then Defendants' requested attorneys' fees.

I.    PLAINTIFFS' MOTION FOR RECONSIDERATION

LEGAL STANDARD

Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rules 54(b), 59(e), or 60(b), depending on when

---

[12] *See* Dkt. 115, *Redacted Motion for Attorneys' Fees* at 15 (citing 35 U.S.C. § 285).

[13] Dkt. 142 at 18.

[14] *Id.* at 18, 21.

[15] *Id.* at 23.

[16] *Id.* at 24.

[17] Dkt. 147.

[18] Dkt. 148.

the motion is filed.[19]  ESIP moves for reconsideration under Rule 59(e).[20]  Rule 59(e) motions "must be filed no later than 28 days after the entry of judgment."[21]

Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[22]  A motion for reconsideration therefore may be granted only where "the court has misapprehended the facts, a party's position, or the controlling law"[23]—in other words, only in "extraordinary circumstances."[24]  The Tenth Circuit has additionally cautioned:

> [A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed.  . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[25]

---

[19] *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Fed. R. Civ. P. 59(e), 60(b), and 54(b)).

[20] Dkt. 147 at 4.

[21] Fed. R. Civ. P. 59(e).

[22] *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Pia v. Supernova Media, Inc.*, No. 2:09-cv-840-DN-EJF, 2014 WL 7261014, at *2 (D. Utah Dec. 18, 2014) ("There are three scenarios in which a litigant may successfully argue for reconsideration: when (1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous." (internal quotation marks and citations omitted)).

[23] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining Rule 59(e) motion for reconsideration standard).

[24] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[25] *Servants of Paraclete*, 204 F.3d at 1012; *see also Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 WL 376247, at *2 (D. Utah Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing").

Thus, a motion for reconsideration should be denied when it is used as a vehicle to advance arguments that were made or could have been made earlier in the litigation.[26]

## ANALYSIS

ESIP primarily argues for reconsideration of the Order Granting Attorneys' Fees because the court "misapprehended the facts, [ESIP's] position, [and] the controlling law" by purportedly requiring "mathematical precision" to show infringement of patent claims which are not written in terms requiring such specificity.[27]

ESIP also asserts the court acted improperly by "declining to consider [ESIP's] argument" concerning Defendants' unclean hands because the Opposition to Defendants' Motion for Attorneys' Fees "was the first opportunity for ESIP to present such evidence to the Court."[28] Further, ESIP argues new evidence of Defendants' unclean hands has come to light and supports reconsideration of the Court's decision to award Defendants' attorneys' fees.[29]

---

[26] *See, e.g., Servants of Paraclete*, 204 F.3d at 1012; *United States v. Koerber*, 966 F. Supp. 2d 1207, 1211–13 (D. Utah 2013) (denying motion for reconsideration when the legal arguments and facts in the motion were available at the time of the original motion); *The SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-00139, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

[27] Dkt. 147 at 4; *see also id.* at 4–16. ESIP also discusses its grievances with the court's Claim Construction and Summary Judgment Order. *See id.* at 8, 18; Dkt. 159, *ESIP's Reply in Support of their Motion for Reconsideration* at 5. The court will not take up ESIP's arguments related to Orders which are not the subject of the instant Motion and which were affirmed by the Federal Circuit. *See* Dkts. 111 and 134, *Notices of Appeal by ESIP*; Dkt. 63, *Mandate of the Federal Circuit*.

[28] Dkt. 147 at 19–20.

[29] *See* Dkt. 159 at 8–12. Portions of ESIP's discussion of recently-submitted evidence, regarding Defendants' joint defense or common interest agreement and doTERRA's time records for fees incurred prior to May 2021, appear directed to the amount of attorneys' fees, rather than the propriety of the court's Order Awarding Attorneys' Fees. *Id.* at 8–9, 11–12 (citing Dkt. 155-2, *Exhibit B to ESIP's Opposition to Defendants' Requested Attorneys' Fees*; Dkt. 158-1, *Exhibit 1 to Declaration of Jason D. Boren*). The court will take up these arguments in addressing Defendants' Brief Regarding the Amount of Attorneys' Fees.

Lastly, ESIP argues that an important consideration in determining whether to award attorneys' fees is whether the party seeking its fees "provide[d] early, focused, and supported notice of its belief that it was being subject to exceptional litigation behavior."[30]  ESIP submits that "Defendants never filed such notice in this case" and the court erred by not considering that fact.[31]  The court considers each of ESIP's arguments in turn.

First, ESIP contends the court's "reliance throughout th[e] case on its own judicial diktat that all evidence must be absolute and mathematically precise is contrary to law and contrary to the claim language."[32]  This contention misconstrues the court's Order Awarding Attorneys' Fees.[33]  The court did not require that evidence be absolute and mathematically precise to demonstrate infringement.  Rather, the court held the case exceptional, warranting an award of fees, based on ESIP's minimal attempt to develop factual support for its infringement contentions and failure to describe why it believed, prior to filing, it had a reasonable claim of infringement.[34]  Furthermore, in making this argument, ESIP relies on the same factual background stated in its Opposition to Defendants' Motion for Attorneys' Fees and does not identify any change in controlling law.[35]  The Tenth Circuit has cautioned that "a motion for reconsideration … [is an] inappropriate vehicle[] to reargue an issue previously addressed by the

---

[30] *Id.* at 6–7 (quoting *Stone Basket Innovations, LLC v. Cook Med., LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018)).

[31] *Id.* at 7.

[32] Dkt. 147 at 4; *see also id* at 4–16; Dkt. 159 at 2–6.

[33] *See* Dkt. 142.

[34] *See, e.g., id.* at 12, 16–17.

[35] *Compare* Dkt. 147 at 4–16 *and* Dkt. 159 at 2–6 *with* Dkt. 128, *Redacted Opposition to Defendants' Motion for Attorneys' Fees* at 7–9, 11–19.

court."[36]  Because ESIP's Motion for Reconsideration largely retraces ground covered in its

Opposition to Defendants' Motion for Attorneys' Fees, it must be denied.

Next, ESIP argues the court improperly declined to consider its argument concerning

Defendants' unclean hands and that recently-submitted evidence merits reconsideration.

However, while noting that ESIP first raised concern with Defendants' alleged inequitable

conduct in its Opposition to Defendants' Motion for Attorneys' Fees, the court also considered

the merits of ESIP's argument and concluded that "the alleged conduct ESIP complains of does

not relate to the unreasonableness of either party's litigation position or approach" and "[t]here is

no basis in the record for the court to make a finding regarding [Defendants'] alleged inequitable

conduct before the [United States Patent and Trademark Office]."[37]  ESIP's Motion for

Reconsideration does not challenge these conclusions or present changes in the controlling law.[38]

But ESIP does argue that new evidence of separate instances of alleged inequitable

conduct demonstrates Defendants' unclean hands and should preclude any equitable remedy.[39]

"Newly available evidence" is either evidence that is "newly discovered" in that it was

unavailable at the time of the original motion, or evidence that was available but "counsel made

a diligent yet unsuccessful attempt to discover [it]."[40]  It does not include evidence reflecting

---

[36] *Servants of Paraclete*, 204 F.3d at 1012.

[37] Dkt. 142 at 4 n.22.

[38] *See* Dkt. 147 at 19–20.

[39] Dkt. 159 at 8–12.

[40] *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994).

underlying information that was previously available.[41]  In addition, a motion for reconsideration may be granted based on newly-available evidence only if the movant can demonstrate that the new evidence would have changed the original motion's outcome.[42]

First, ESIP points to Defendants' recently-submitted time records, which include a reference to time spent "revis[ing] fees motion to exclude evidence of settlement offers and enhance arguments of exceptionality[.]"[43]  ESIP asserts this demonstrates "Defendants' pursuit of fees relied on withholding evidence" and "establishes unclean hands."[44]  The new evidence presented is the fact that Defendants' edited their Motion, not the existence of the settlement offers themselves—which presumably were offers between Defendants and ESIP.[45]  But ESIP does not make any argument or provide legal support for why evidence of Defendants so editing their Motion should change the court's original outcome, particularly where the court expressly declined to opine on Defendants' argument concerning ESIP's alleged refusal to discuss settlement options.[46]

ESIP also points to recent correspondence between the parties which disclosed the existence of a "joint defense/common interest agreement" between Defendants Puzhen and

---

[41] *See, e.g.*, *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023–25 (10th Cir. 2018) (finding that documents not previously filed but in party's possession throughout litigation did not constitute "newly available evidence"); *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 101–02 (10th Cir. 2012) (explaining evidence is not "new evidence previously unavailable" when "underlying information" contained in a piece of new evidence "clearly did exist" during the time period of claimed unavailability).

[42] *See, e.g.*, *Zurich N. Am. v. Matrix Service, Inc.*, 426 F.2d 1281, 1290 (10th Cir. 2005) (movant must show "the newly discovered evidence would probably produce a different result") (internal citations and quotations omitted).

[43] Dkt. 149-3, *Exhibit 3 to Supplemental Declaration of Mark Miller* at 10; *see also* Dkt. 159 at 8.

[44] Dkt. 159 at 8.

[45] *See* Dkt. 128 at 10–11 (discussing settlement proceedings).

[46] *See* Dkt. 142 at 4–5.

doTERRA.[47]  ESIP argues prior failure to disclose any such agreement "resulted in ESIP lacking necessary, relevant information for the [*inter partes* review] proceeding related to this case."[48] But ESIP makes no argument concerning how the recent disclosure of a joint defense/common interest agreement affects this court's decision to award attorneys' fees, as opposed to *inter partes* review proceedings before PTAB.[49]  The court declined to award Defendants their attorneys' fees related to proceedings before PTAB and does not interpret ESIP as objecting to this portion of its decision.[50]  The remainder of ESIP's argument concerning Defendants' disclosure of a joint defense/common interest agreement appears related to calculating the amount of attorneys' fees.[51]  The court will take up the merits of that argument in addressing Defendants' Brief Regarding the Amount of Attorneys' Fees.

Lastly, ESIP's argument regarding Defendants' failure to "provide early, focused, and supported notice of [their] belief that [they were] being subject to exceptional litigation behavior" presents an entirely new argument.[52]  In setting forth this argument, ESIP relies on *Stone Basket Innovations v. Cook Medical*, a 2018 case in which the Federal Circuit discussed a defendant's failure to previously assert the frivolousness of plaintiff's claim as one factor relevant under *Octane Fitness'* totality-of-the-circumstances analysis for awarding attorneys'

---

[47] Dkt. 159 at 8–9 (citing Dkt. 155-2 at 4–5).

[48] *Id.* at 9.

[49] *See generally id.* at 9–11.

[50] *See* Dkt. 142 at 21–23.

[51] Dkt. 159 at 11–12.

[52] *Id.* at 6–7 (quoting *Stone Basket Innovations, LLC*, 892 F.3d at 1181).

fees under § 285.[53]  However, ESIP does not address how this argument, or the alleged fact of Defendants' failure to provide earlier notice, were not "available at the time of the original [Motion for Attorneys' Fees]."[54]  Motions for reconsideration that "merely advance[] new arguments . . . available at the time of the original motion" cannot be granted.[55]  Without any explanation to the contrary, the court concludes this argument was available at the time ESIP originally opposed Defendants' Motion for Attorneys' Fees and thus cannot properly be considered on a motion for reconsideration.

Because ESIP's Motion largely repeats arguments available at the time of the original motion, does not point to any change in controlling law, and fails to articulate how recently submitted evidence would have changed the original motion's outcome, it does not support reconsideration.  Accordingly, Plaintiffs Motion for Reconsideration is DENIED.[56]

## II.   AMOUNT OF ATTORNEYS' FEES

### LEGAL STANDARD

To determine the amount of fees to award, courts employ the lodestar method wherein the fees awarded equal "the number of hours reasonably expended on the litigation multiplied by

---

[53] *See Stone Basket Innovations, LLC*, 892 F.3d at 1181–83; *see also id.* at 1182 ("Our holding with respect to this factor does not disturb the rule that 'a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims.'" (quoting *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013)); *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.").

[54] *Servants of Paraclete*, 204 F.3d at 1012.

[55] *Id.*

[56] Dkt. 147.

a reasonable hourly rate."[57]  The lodestar calculation provides a useful starting point and may generally be presumed to represent a reasonable fee award.[58]

A party seeking an award of attorneys' fees should submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[59]  "Where the documentation of hours is inadequate, the [] court may reduce the award accordingly."[60]  The court is also instructed to exclude hours that were not "reasonably expended," for example "hours that are excessive, redundant, or otherwise unnecessary."[61]  From there, a court may adjust the fee award up or down based on the degree of success obtained by the prevailing party.[62]

A reasonable hourly rate is based on the "prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[63]  Here, ESIP does not contest the reasonableness of Defendants' counsel's hourly rate.[64]  Upon review, the court finds Defendants' counsel's hourly rate reasonable and accepts it for purposes of the lodestar calculation.

---

[57] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[58] *Id.*

[59] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty. Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998); *accord Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

[60] *Hensley*, 461 U.S. at 433.

[61] *Id.* at 434.

[62] *Id.* at 434–36.

[63] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Case*, 157 F.3d at 1256.

[64] *See* Dkt. 155.

## ANALYSIS

ESIP broadly objects to the amount of attorneys' fees Defendants request in addition to objecting to particular requested fees. According to ESIP, Defendants' request (1) improperly asks the court to consider deterrence in determining the fee award and (2) does not establish a causal connection between the fees requested and the basis for finding exceptionality.[65] ESIP further objects to individual fees requested on the bases that certain time records are not properly documented, excessive, redundant, or not related to litigation before this court.[66] The court first addresses ESIP's broader objections before addressing its objections to particular requested fees.

### A. Objections to Request for Full Award of Fees

First, ESIP objects to Defendants' assertion that a full award of fees comports with § 285's purposes of compensation and deterrence.[67] ESIP asserts that "[c]onsidering deterrence is improper in determining the amount of a reasonable attorney fee" award.[68] In reply, Defendants agree that the fee award should be compensatory, not punitive, and affirm that the fees requested are entirely compensatory.[69] The court agrees. "Deterrence 'is not an appropriate consideration in determining the amount of a reasonable attorney fee.'"[70] Accordingly, the court

---

[65] *See id.* at 3–4. ESIP also asserts Defendants should not receive a full fee award because of the simplicity of the case and because the requested fees are "outrageously excessive." *Id.* at 4, 8–9. But ESIP provides no factual or legal support for its assertion that this case was "very simple" and should justify a reduced fee award. *Id.* at 4. Nor does ESIP provide any explanation of how Defendants' requested fees are outrageously excessive. ESIP objects to certain alleged litigation conduct and communications by Defendants but does not point to any excess or inflation of Defendants' fee request. *See id.* at 8–9.

[66] *See id.* at 4–8.

[67] *See id.* at 3 (citing Dkt. 148 at 5–6).

[68] *Id.*

[69] *See* Dkt. 156 at 2–3.

[70] *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quoting *Limen View Tec. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 484–485 (Fed. Cir. 2016)).

will only award attorneys' fees "actually billed and paid" to redress Defendants for their "losses sustained due to the exceptional nature of this case."[71]

Next, ESIP argues that the fees awarded must bear some relationship to the misconduct found by the court.[72]  Accordingly, ESIP argues the requested fee award should be reduced and tailored to the court's basis for finding exceptionality—which ESIP construes as limited to its failure to "provid[e] precise measurements."[73]  Defendants reply that this argument misconstrues the court's Order Awarding Attorneys' Fees and the applicable law, "which clearly allows for awards of full fees."[74]  The court agrees with Defendants.

As an initial matter, ESIP mischaracterizes the court's prior order as finding exceptionality based on ESIP "not providing precise measurements."[75]  As discussed,[76] the court found this case exceptional, warranting an award of attorneys' fees under § 285, because of "the lack of substantive merit to ESIP's claims and ESIP's failure to perform an adequate pre-filing investigation."[77]  While the Federal Circuit has held that "a finding of exceptionality based on litigation misconduct usually does not support a full award of attorneys' fees[,]"[78] this court's

---

[71] Dkt. 156 at 2–3; *see also In re Rembrandt*, 899 F.3d at 1278.

[72] Dkt. 155 at 3.

[73] *Id.* at 3–4.

[74] Dkt. 156 at 3.

[75] Dkt. 155 at 3.

[76] *See supra* text accompanying notes 32–36.

[77] Dkt. 142 at 5; *see also, e.g., id.* at 12 ("Because ESIP made little effort to develop factual support for finding infringement, under any proposed claim construction, this case stands out for the substantive weakness of ESIP's litigation position and inadequate efforts in developing its claims.").

[78] *In re Rembrandt*, 899 F.3d at 1278 (quoting *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1316 (Fed. Cir. 2012)) (internal alterations omitted).

finding of exceptionality was not based on any alleged litigation misconduct.[79]  Furthermore,
ESIP's inadequate pre-filing investigation and failure to factually develop its claims bear a
"causal connection" to the entirety of Defendants' fees incurred in litigation before this court.[80]
ESIP was obligated to conduct a reasonable inquiry into whether its infringement contentions
had evidentiary support, or likely would have evidentiary support after opportunity for discovery,
prior to filing suit.[81]  ESIP's failure to do so, or to factually develop its claims thereafter, resulted
in nearly seven years of litigation "which likely should not have been brought in the first place,
or at the very least should have been resolved much more expediently."[82]  Thus the entirety of
Defendants' fees reasonably incurred in litigation before this court may properly be awarded to
redress their losses sustained in relation to ESIP's inadequate pre-filing investigation and failure
to factually develop its claims.

### B.  Objections to Individual Requested Fees

ESIP also raises a series of objections to individual requested fees in Defendants'
submitted time records.[83]  Because the parties evaluate Puzhen and doTERRA's fee requests
separately, the court follows suit.

---

[79] *See* Dkt. 142 at 5 ("[T]he court will not proceed to discuss Defendants' arguments alleging ESIP's bad faith or
false declaration."); *id.* at 16 ("This is not an instance of exceptionality for failure to comply with the discovery or
procedural requirements of a case, but for failure to perform reasonable due diligence before bringing suit in the first
instance.").

[80] *See In re Rembrandt*, 899 F.3d at 1277–80 (requiring some causal connection between the misconduct alleged and
the fees awarded).

[81] *See* Dkt. 142 at 12–18 (discussing ESIP's inadequate pre-filing investigation regarding the '418 patent claims).

[82] *Id.* at 18.

[83] Dkt. 155 at 4–8 (citing Defendants' submitted time records at Dkts. 149-1, 149-2, 149-3, 150-1, and 151-1).

14

### 1.  *Puzhen's Fees*

ESIP objects to various fees documented in the time records submitted by Mark Miller, local counsel for Puzhen.[84]  ESIP asserts certain entries are unrelated to the claims litigated before this court,[85] are related to appellate proceedings,[86] or are insufficiently documented to differentiate between allowed and disallowed expenses.[87]  Upon reviewing Defendants' submitted documentation, the court agrees with ESIP and accordingly reduces Puzhen's fee award by $24,762.11.

Next, ESIP objects to certain fees documented in the time records submitted by Gregory Smith, *pro hac vice* counsel for Puzhen.[88]  ESIP broadly objects to Smith's fees as "duplicative" and "not essential to the case" before specifically objecting to fees related to preparing an indemnification agreement between Puzhen and doTERRA and travel from Washington, DC to Salt Lake City, Utah.[89]  Defendants counter that Smith "has been an active member of Puzhen's litigation team as co-counsel" and that ESIP does not allege any specific work by Smith that was supposedly duplicative or nonessential.[90]  Furthermore, Defendants argue (1) Smith's travel to Salt Lake City was related to his participation in mediation of the case and (2) the proposed

---

[84] *Id.* at 4–5 (citing Dkt. 149, *Supplemental Declaration of Mark Miller* and attached time records: Dkts. 149-1, 149-2, 149-3).

[85] *Id.* (objecting to fees related to an unspecified "infringing diffuser," "foreign counsel," claimed infringement of a Puzhen patent, and "new design" of a separate device not the accused device).

[86] *Id.* at 5 (objecting to fees related to ESIP's appeal to the U.S. Court of Appeals for the Federal Circuit and Petition for Writ of Certiorari to the Supreme Court).

[87] *Id.* (objecting to "multiple claims for expenses for electronic research" and "for expenses related to an expert witness and [] report" "because they do not differentiate between allowed expenses and disallowed expenses, or expenses related to the [*inter partes* review proceedings] and those related to the district court proceedings.").

[88] *Id.* at 6.

[89] *Id.*

[90] Dkt. 156 at 7.

indemnification agreement, while never executed, should not be deducted because "[e]ffective counsel routinely considers strategies that it ultimately decides not to pursue[.]"[91]

Having reviewed Defendants' submissions, the court finds the requested attorneys' fees are supported by detailed, contemporaneous time records which reflect Smith's time spent performing specific tasks.[92]  Furthermore, it is apparent that Smith exercised sound billing judgment in reviewing his time records, prior to their submission, and deducting time for which no recovery of fees is sought.[93]  ESIP does not point to any specific portion of Smith's time records, or otherwise provide examples, to support its assertion that his work was duplicative of local counsel's or otherwise nonessential.[94]  The court is not persuaded that retention of local counsel renders the services of *pro hac vice* co-counsel inherently superfluous.

Furthermore, the court will not subtract fees associated with Smith's travel to Utah for participation in a mediation conference before then-Chief Magistrate Judge Paul Warner.[95] "Some expenses, such as travel, may be included in the concept of attorney's fees as incidental and necessary expenses incurred in furnishing effective and competent representation."[96] Smith's travel to Utah was a "necessary component" of the parties' mediation and Smith's "effective and competent representation" of Puzhen.[97]  Smith served as co-counsel for Puzhen at

---

[91] *Id.* at 7–8.

[92] *See generally* Dkt. 150-1, *Exhibit 1 to Declaration of Gregory Smith*.

[93] *See* Dkt. 150, *Declaration of Gregory Smith* at 2.

[94] *See* Dkt. 155 at 6.

[95] *See* Dkt. 156 at 8.

[96] *Quail Creek Petroleum Mgmt. Corp. v. XL Specialty Ins. Co.*, 129 F. App'x 466, 472 (10th Cir. 2005) (quoting *Brown v. Gray*, 227 F.3d 1278 (10th Cir. 2000) (discussing attorneys' fees awarded under 42 U.S.C. § 1988)) (awarding attorneys' fees under Oklahoma state law).

[97] *See id.* (remanding for determination of whether travel expenses for counsel to attend depositions in the cities where defendant's representatives were located "should be awarded as a necessary component of discovery").

least in part because "Puzhen does not have any in-house attorneys[.]"[98]  Because mediation requires the attendance of representatives with full authority to negotiate and agree to settlement on behalf of the parties, Smith's travel to attend mediation before Judge Warner was an appropriate and necessary aspect of his representation of Puzhen.  Accordingly, the court will not subtract fees and reasonable expenses associated with Smith's travel.[99]

However, the court will deduct Smith's fees associated with drafting a proposed indemnification agreement between Puzhen and doTERRA.[100]  Although "[e]ffective counsel routinely considers strategies that it ultimately decides not to pursue,"[101] the court agrees with ESIP that drafting the proposed indemnification agreement was "unnecessary to the litigation."[102]  While certainly borne out of responding to ESIP's suit, a proposed indemnification agreement between Puzhen and doTERRA would relate to their internal management and relationship as co-defendants rather than to the litigation of this action. Accordingly, the court will deduct Puzhen's requested fees associated with Smith by $1,170.00.[103]

### 2. *doTERRA's Fees*

ESIP broadly asserts that doTERRA's fee request should be completely disallowed because, based on the Defendants' verbal joint defense/common interest agreement, "counsel for

---

[98] Dkt. 156 at 7; *see also* Dkt. 150 ¶ 3.

[99] *See* Dkt. 150-1 at 66.

[100] *See* Dkt. 155 at 6; Dkt. 156 at 7–8.

[101] *See* Dkt. 156 at 8.

[102] Dkt. 155 at 6.

[103] *See* Dkt. 156 at 7.

doTERRA [was] unjustified [and] duplicative [of] counsel for Puzhen."[104]   ESIP also notes

doTERRA did not submit records documenting counsel's time prior to May 17, 2021 and such

unsupported fees should be disallowed.[105]   Defendants respond that, while "Puzhen took the

laboring oar on the substantive defense[,]" doTERRA maintained its own counsel "to ensure its

interests were protected" as a co-defendant named by ESIP.[106]   They also argue the existence of

a joint defense agreement "does not mean that a party does not need its own counsel" or that

counsel's work is inherently duplicative.[107]   But Defendants acknowledge they omitted time

records for fees incurred before May 2021, and submitted an accounting of those fees with their

Reply.[108]

    First, the court agrees with Defendants: neither Puzhen's assumption of the greater role in

the substantive defense nor the existence of a joint defense agreement justify denying

doTERRA's attorneys' fees in whole.   Both Puzhen's and doTERRA's counsel submitted

detailed, contemporaneous time records accounting for their time spent on specific tasks.[109]

While ESIP does raise specific objections to certain requested fees, it does not draw any

---

[104] Dkt. 155 at 6, 6 n.2; *see also* Dkt. 155-2 at 4 ("[T]he joint defense agreement between the defendants is a verbal agreement—there is no written document[.]").   ESIP also argues that doTERRA was an "effectively indemnified party" and as such "did not need to incur any fees."   Dkt. 155 at 6 n.2.   But this contention is directly contradicted by ESIP's submissions revealing communications between the parties' counsel affirming that "there is no indemnification agreement between the defendants[] and [] there is no division of labor agreement between the defendants."   Dkt. 155-2 at 4.   The same communications clarify that counsel's time entries in 2016, referencing a "possible indemnification agreement," reflect the drafting of an agreement which "was at one time considered by Puzhen" but which "the parties never entered into[.]"   *See id.*; *see also* Dkt. 150-1 at 6–7 (referencing a "possible indemnification agreement").

[105] Dkt. 155 at 6.

[106] Dkt. 156 at 8–9.

[107] *Id.* at 9.

[108] *Id.* at 8; Dkt. 158-1 (documenting time records for fees incurred prior to May 2021).

[109] *See* Dkts. 149-1, 149-2, 149-3, 150-1, 151-1, and 158-1.

comparison between work performed by co-Defendants' counsel to factually support its argument that work doTERRA's counsel did was unjustified and duplicative of tasks performed by Puzhen's counsel.[110]  Nor does ESIP provide any legal support for its contention that Puzhen acting as "lead counsel" or the existence of a joint defense agreement should preclude an award of doTERRA's attorneys' fees.[111]

However, the untimely submission of time records documenting more than four years of work and over $100,000 in attorneys' fees is cause for concern.[112]  doTERRA submitted time records accounting for work completed from November 2016 to May 2021 with its Reply in Support of its Requested Attorneys' Fees.[113]  As a result, ESIP had no meaningful opportunity to review, audit, and potentially object to those supplemental time records.  Nonetheless, ESIP did attempt a review of those submissions and raised a brief objection in its Response in Support of its Motion for Reconsideration—the day after receiving doTERRA's supplemental time records.[114]  Specifically, ESIP objects to portions of the supplemental time records containing fees related to *inter partes* review proceedings, for which the court declined to award Defendants' attorneys' fees.[115]  Upon reviewing doTERRA's supplemental time records, the

---

[110] *See* Dkt. 155 at 6–8; Dkt. 156 at 8–9, 9 n.7.

[111] *See* Dkt. 155 at 6–8; Dkt. 156 at 8–9; *see also, e.g. Large Audience Display Sys., LLC v. Tennman Prods., LLC*, 745 F. App'x 153, 158 (Fed. Cir. 2018) ("LADS does not explain why the joint defense with respect to the Lakers resulted in a higher than reasonable fee.").

[112] *See* Dkt. 158, *Second Supplemental Declaration of Jason D. Boren* ¶ 3.

[113] *See* Dkt. 156 at 8 ("Counsel for doTERRA submits herewith invoices for the fees incurred prior to the May 2021 invoice."); *see also* Dkt. 158-1.

[114] *See* Dkt. 159 at 11–12 ("On April 21, 2022, doTERRA submitted a supplemental declaration including over 100 pages of new, late, evidence."); *compare* Dkt. 158-1 (filed April 21, 2022) *with* Dkt. 159 (filed April 22, 2022).

[115] Dkt. 159 at 11–12.

court agrees and finds they include approximately $5,177.70 in requested fees related to *inter partes* review proceedings.[116]

Additionally, approximately $2,672.55 in requested fees relate to time accounted for as "review communications from counsel re: matter," "communicate with client and counsel re: matter," "review communications re: matter," "review communications with counsel re: matter," or "review communications from counsel"—without additional detail or surrounding context to enable ESIP or the court to discern with whom or about what counsel corresponded.[117]  As such, these entries are too cryptic for the court to adequately determine whether counsel's time was "reasonably expended."[118]  Because the submitted documentation of those hours is inadequate, the court will reduce doTERRA's award accordingly.[119]  In total, for the entries related to *inter partes* review and containing insufficient detail, the court will reduce doTERRA's requested fees by $7,850.25.[120]

Next, ESIP objects to particular fees documented in the previously submitted time records from doTERRA's counsel.[121]  ESIP asserts that certain fees relate to proceedings before

---

[116] *See* Dkt. 158-1 at 41, 45, 50, 57, 60, 69, 72.

[117] *See id.* at 35, 66, 75, 76, 80.

[118] *Hensley*, 461 U.S. at 434.

[119] *See Case*, 157 F.3d at 1250.

[120] $7,850.25 = $5,177.70 (fees associated with *inter partes* review) + $2,672.55 (fees insufficiently accounted for). These values account for the 10% "bottom of the line discount" counsel applied to doTERRA's invoicing.  *See* Dkt. 158 ¶ 7.

[121] *See* Dkt. 155 at 7–8 (raising objections to individual fees documented in Dkt. 151-1).

the Federal Circuit,[122] are duplicative,[123] are insufficiently detailed,[124] or are excessive.[125] Defendants acknowledge that $4,779.50 of doTERRA's requested fees "relate to the Federal Circuit appeal and can be deducted[.]"[126]  As to ESIP's other objections, Defendants maintain the requested fees are not duplicative, are supported with sufficient detail, and are not excessive.[127]  After review, the court agrees with Defendants.  Defendants' documentation in support of their requested fees is sufficiently detailed and reveals the time each lawyer allocated to specific tasks.[128]  Counsel's records reflect their time was "reasonably expended" and not "excessive, redundant, or otherwise unnecessary."[129]  Therefore, the court declines to reduce doTERRA's requested fees beyond the $4,779.50 for fees relating to the Federal Circuit appeal.

Accounting for the described subtractions, in total the court awards Puzhen $519,582.85 and doTERRA $119,232.30 in attorneys' fees and expenses.

---

[122] *Id.* at 7 (objecting to "fees associated with a currently pending appeal in the Federal Circuit, including fees related to admission to practice before the Federal Circuit").

[123] *Id.* (objecting to fees associated with "Mr. Marigoni [] reviewing the final claim construction order and drafting a memo to [] Mr. Boren, who also charge[d] for reviewing the same claim construction order on the same day").

[124] *Id.* (objecting to fees associated with "an entry [that is] so thoroughly redacted that ESIP cannot tell what the entry is about"); *see also* Dkt. 151-1 at 7 (objected-to entry reads: "Call with [redacted] counsel re: [redacted] draft e-mail to client re: [redacted]").

[125] Dkt. 155 at 8 (objecting to fees "charg[ing] $201.00 to review a proposed order for the motion for oral hearing"); *see also* Dkt. 156 at 10 (replying that the objected to fee accounted for 0.3 hours of work).

[126] Dkt. 156 at 10.

[127] *Id.*

[128] *See Case*, 157 F.3d at 1250.

[129] *Hensley*, 461 U.S. at 434.

### III.    CONCLUSION

For the reasons stated, ESIP's Motion for Reconsideration[130] is DENIED.  Defendants'

Requested Attorneys' Fees[131] are GRANTED IN PART.  Defendants are awarded $638,815.15

in attorneys' fees and expenses—with $519,582.85 going to Puzhen and $119,232.30 to

doTERRA.

SO ORDERED this 23rd day of December, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[130] Dkt. 147.

[131] Dkt. 148.