## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESIP SERIES 1, LLC, a Utah limited liability company; and ESIP SERIES 2, LLC, a Utah limited liability company, <br><br>     Plaintiffs, <br><br> v. <br><br> DOTERRA INTERNATIONAL, LLC, et al., <br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR STAY** <br><br> Case No. 2:15-cv-00779-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiffs ESIP Series 1, LLC and ESIP Series 2, LLC (collectively, ESIP) filed this action nearly eight years ago, asserting claims of patent infringement by Defendants. The lawsuit ultimately proved unsuccessful, and the court ordered ESIP to cover Defendants' attorneys' fees. Now before the court is ESIP's Motion for Stay of Proceedings Pending Appeal.[1] For the reasons discussed below, the Motion is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY[2]

This action centers on ESIP's contention that Defendants' essential oil diffuser, the Cloud Diffuser, infringed on their patents.[3] After ESIP's claims were either dismissed by the parties'

---

[1] Dkt. 176.

[2] The court assumes the parties' familiarity with the facts and procedural history of this long-running dispute, which has been detailed at length in prior court orders. *See, e.g.*, Dkt. 104, *Memorandum Decision and Order Construing Claims* at 2–8; Dkt. 142, *Memorandum Decision and Order Awarding Attorneys' Fees* at 1–2; Dkt. 166, *Memorandum Decision and Order Denying Plaintiffs' Motion for Reconsideration and Granting in Part Defendants' Reasonable Attorneys' Fees* at 1–3. Therefore, the court will reiterate only the facts and procedural history relevant to ESIP's request for a stay.

[3] *See* Dkt. 2, *Complaint* ¶¶ 24–33; *see also* Dkt. 43, *Order of Consolidation* (making Dkt. 2, *Complaint*, *ESIP Series 1 v. doTERRA Int'l*, Case No. 2:16-cv-01011-DB (D. Utah Sept. 29, 2016) the governing Complaint).

stipulation or resolved on summary judgment,[4] Defendants sought reimbursement of the attorneys' fees spent defending against what they consider ESIP's "baseless" claims.[5]  On March 4, 2022, the court granted, in part, Defendants' Motion, finding the case was  "exceptional" enough to support fee-shifting under § 285 of the Patent Act.[6]  In particular, the court noted that ESIP "made surprisingly little attempt to develop factual support for the alleged infringement of its patent by [Defendants'] Cloud Diffuser, despite bearing the burden of proof and pursuing litigation for over five years."[7]  Additionally, the court determined ESIP's pre-filing investigations were "severely lacking, . . . resulting in frivolous claims and the objective unreasonableness of certain infringement contentions."[8]  Then, on December 23, 2022, the court denied ESIP's Motion for Reconsideration[9] and granted Defendants an attorneys' fee award of $638,815.15.[10]

Following entry of the court's December 23, 2022 Order, ESIP filed a notice of appeal with the United States Court of Appeals for the Federal Circuit, seeking review of the court's decision to grant Defendants attorneys' fees.[11]  A couple weeks later, Defendants filed a Joint Motion for Supplemental Proceedings given ESIP's apparent refusal to satisfy the court's judgment.[12]  Yet, before the supplemental proceedings were scheduled to take place, ESIP filed

---

[4] *See Dkt. 77, Order Granting Stipulated Motion for Partial Dismissal*; Dkt. 82, *Order Granting Stipulated Motion for Partial Dismissal*; Dkt. 109, *Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment.*

[5] *See* Dkt. 115, *Defendants' Joint Motion for Attorneys' Fees* [REDACTED] at 2.

[6] Dkt. 142 at 7–24 (citing 35 U.S.C. § 285).

[7] *Id.* at 12.

[8] *Id.* at 18.

[9] Dkt. 147, *Plaintiffs' Motion to Alter or Amend Judgment.*

[10] Dkt. 166 at 22.

[11] Dkt. 167.

[12] Dkt. 171 at 2 (stating ESIP had "not satisfied the Judgment and [] indicate[d] that [they] will not do so").

the instant Motion pursuant to Federal Rule of Civil Procedure 62(b), requesting a stay of proceedings pending its appeal with the Federal Circuit.[13]  ESIP's Motion has been fully briefed,[14] and having found that oral argument would not be materially helpful,[15] the court is now prepared to rule on the Motion.

<strong>LEGAL STANDARDS</strong>[16]

## I.     Inherent Authority to Stay Proceedings

District courts have broad discretion to stay proceedings pending an appeal.[17]  However, "a stay will only be granted when the movant has met their 'burden of showing that the circumstances justify an exercise of that discretion.'"[18]  Importantly, "[a] stay is not a matter of right, even if irreparable injury might otherwise result."[19]  In determining whether to stay proceedings pending an appeal, the court traditionally considers the following four factors:

---

[13] Dkt. 176.

[14] *See* Dkt. 177, *Defendants' Joint Opposition to Plaintiffs' Motion*; Dkt. 179, *Plaintiffs' Reply Memorandum Supporting Their Motion*; *see also* Dkt. 181, *Defendants' Joint Request for Immediate Status Conference Regarding Plaintiffs' Motion*; Dkt. 182, *Plaintiffs' Opposition to Defendants' Joint Request for Immediate Status Conference.*

[15] *See* DUCivR 7-1(g).

[16] "Because the appeal pending in this case is before the Federal Circuit, [ESIP] cited Federal Circuit case law related to stays." Dkt. 179 at 3 n.1.  However, when considering whether to grant a stay under Rule 62(b)—a procedural matter—the court applies the law of the Tenth Circuit rather than that of the Federal Circuit.  *See C.R. Bard, Inc. v. AngioDynamics, Inc.*, No. 2:12-cv-00035-RJS-DAO, 2020 U.S. Dist. LEXIS 215204, at *6 n.27 (D. Utah Nov. 16, 2020) ("Federal Circuit law governs on all matters of substantive patent law, while regional circuit law governs procedural issues." (citing *Lab'y Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004))); *see also Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 384 F. Supp. 2d 1334, 1338–39 (S.D. Iowa 2005) ("When determining whether to stay a matter pending appeal . . . the law of our regional circuit rather than that of the Federal Circuit . . . is applicable." (internal quotation marks and citations omitted)).

[17] *See Est. of Dixon v. Bd. of Cnty. Comm'rs*, No. 15-cv-02727-NYW, 2017 U.S. Dist. LEXIS 70656, at *7 (D. Colo. May 9, 2017) ("It is well settled that federal courts have statutory or inherent power to stay judgments and orders pending appeal." (internal quotation marks and citations omitted)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating a "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket").

[18] *Renfrow v. Grogan*, No. 21-cv-00228-JED-SH, 2021 U.S. Dist. LEXIS 203104, at *12 (N.D. Okla. Oct. 21, 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

[19] *Id.* (quoting *Nken*, 556 U.S. at 433).

> (1) whether the [movant] has made a strong showing that [it is] likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[20]

The first two factors are the most critical, and it is "not enough that the chances of success on the merits be 'better than negligible.'"[21] "By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor."[22]

## II.    Rule 62(b)

Rule 62(b) provides the court with a statutory basis for granting a stay pending an appeal. It states, "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."[23] The Tenth Circuit instructs district courts to require "a *full* supersedeas bond . . . in normal circumstances," as it "secure[s] an appellee from loss resulting from the stay."[24] However, "[d]istrict courts have discretion to set the bond amount or to waive the bond requirement altogether."[25]

"Because the court should presumptively require a bond equal to the full amount of the judgment," the party requesting the stay has the burden of showing the usual bond requirement should be waived.[26] This is a heavy lift as it requires "demonstrating objectively that a full

---

[20] *Cmty. TV of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1209 (D. Utah 2014) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[21] *Nken*, 556 U.S. at 434.

[22] *Id.* (internal quotation marks and citation omitted).

[23] Fed. R. Civ. P. 62(b).

[24] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (emphasis added); *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment . . . ."); *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, No. 2:03 CV 646 (TC), 2009 U.S. Dist. LEXIS 31333, at *5 (D. Utah Apr. 8, 2009) ("In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay.").

[25] *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, No. 2:16-cv-00958-TC, 2022 U.S. Dist. LEXIS 81261, at *5 (D. Utah May 4, 2022) (citing *Miami Int'l Realty*, 807 F.2d at 873).

[26] *Id.*

supersedeas bond is impossible or impractical."[27]  Sister courts have observed that a movant generally meets this burden by objectively demonstrating either "a present financial ability to respond to the judgment that is likely to continue" or that its "present financial condition is such that posting a full bond would impose an undue financial burden."[28]  Yet, even in these situations, "it is the [movant's] duty to propose a plan that will provide adequate (or as adequate as possible) security for the [non-movant]."[29]

When considering whether to waive the bond requirement, this court considers the following five factors from *Dillon v. City of Chicago* (the *Dillon* factors):

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether the [movant's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [movant is] in such a precarious financial situation that the requirement to post a bond would place other creditors of the [movant] in an insecure position.[30]

---

[27] *Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT, 2019 U.S. Dist. LEXIS 188629, at *4 (D. Colo. Oct. 30, 2019) (citing *Farm Bureau*, 2009 LEXIS 31333, at *1; *Miami Int'l Realty*, 807 F.2d at 873); *see also Advanced Recovery Sys., LLC v. Am. Agencies, LLC*, No. 2:13-CV-283-DAK, 2018 U.S. Dist. LEXIS 4750, at *3 (D. Utah Jan. 9, 2018).

[28] *See Lech v. Jackson*, No. 16-cv-01956-PAB-MJW, 2018 U.S. Dist. LEXIS 79501, at *3 (D. Colo. May 10, 2018) (internal quotation marks and citation omitted); *see also Hampton*, 2020 U.S. Dist. LEXIS 243469, at *13 (recognizing the same common circumstances for waivers of the usual bond requirement).

[29] *Goldgroup Res., Inc. v. DynaResource de Mex., S.A. de C.V.*, No. 16-cv-02547-RM-KMT, 2020 U.S. Dist. LEXIS 51466, at *9 (D. Colo. Mar. 25, 2020) (quoting *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981) (cited with approval in *Miami Int'l Realty*, 807 F.2d at 873–74)).

[30] *Becker*, 2022 U.S. Dist. LEXIS 81261, at *5–6 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)); *see also Hampton v. Barclays Bank Del.*, No. 18-4071-DDC-ADM, 2020 U.S. Dist. LEXIS 243469, at *14 (D. Kan. Dec. 29, 2020) ("Although the Tenth Circuit has not adopted the Seventh Circuit's standard [in *Dillon*], our court routinely applies these factors to decide whether to waive a supersedeas bond." (collecting cases)).

## ANALYSIS

ESIP requests a stay of proceedings under Rule 62(b) without posting a full supersedeas bond.[31]  Instead, it offers "other security" it deems sufficient for a stay.[32]  In particular, ESIP points to a three-page valuation report provided by IPApproach LLC, a self-described "brokerage and consulting company," that estimates a current market value of nearly $1.3 million for ESIP's patents.[33]  ESIP also references a Declaration from its principal member, Earl V. Sevy, who asserts ESIP's "primary [] assets are patents" and it is "attempting to sell [these] patents . . . to satisfy the [c]ourt's judgment."[34]  He anticipates ESIP will "need[] approximately nine months to market and sell patents at a fair value and satisfy the judgment."[35]  If it is required to set aside the full judgment amount now, ESIP contends this would force it to hold a liquidation sale, "likely [] result[ing] in a substantial wasting of its largest and primary asset" and even risking its "insolvency and extinction."[36]

Defendants have expressed a willingness to stipulate to a stay pending ESIP's appeal, but they are adamant that a full supersedeas bond should be required.[37]  They contend ESIP's Motion "has only reinforced the necessity of a bond by emphasizing [its] lack of resources and Defendants' need to invest time and effort in collection proceedings."[38]  If ESIP has liquidity concerns, as it appears to aver, Defendants posit that ESIP can "easily use [the $1.3 million

---

[31] See Dkt. 176 at 1; see also Dkt. 179 at 3–4.

[32] Dkt. 179 at 3–4 (citing Dkt. 176-2, *Exhibit B: Declaration of Earl V. Sevy* (*Sevy Declaration*) at 3; Dkt. 176-3, *Exhibit C: IPApproach, LLC Patent Valuation* (*IPApproach Report*).

[33] *IPApproach Report* at 1–2.

[34] *Sevy Declaration* ¶¶ 1, 3.

[35] *Id.* ¶ 3.

[36] Dkt. 179 at 3–4; see also *Sevy Declaration* ¶ 5.

[37] See Dkt. 177 at 2–3, 6.

[38] *Id.* at 5.

6

valuation] as collateral to support a cash bond [or] . . . obtain a loan to simply pay the

judgment."[39]   Accordingly, Defendants urge the court to deny ESIP's Motion without prejudice,

allowing the Motion to be renewed only after ESIP has posted a bond of $685,000—reflecting

the outstanding judgment plus applicable post-judgment interest.[40]   For the reasons discussed

below, the court agrees with Defendants and declines to waive the usual bond requirement.

## I.   The Traditional Four-Factor Test Is Inapplicable

Though ESIP requests a stay pursuant to Rule 62(b), it relies on the traditional four-factor

test bearing on whether a stay is warranted rather than the five *Dillon* factors guiding the court's

consideration of whether to waive Rule 62(b)'s usual bond requirement.[41]   Sister courts

confronted with similar situations have found there is no need to analyze these four factors

where, as here, the movant fails to satisfy Rule 62(b)'s requirement of providing a bond or other

security.[42]   In light of the court's decision not to excuse the normal bond requirement and

Defendants' willingness to stipulate to a stay,[43] the court likewise declines to apply the

traditional four-factor test.   Instead, the Tenth Circuit's guidance on waiving the normal bond

requirement under Rule 62(b) and the *Dillon* factors guide the court's decision.[44]

---

[39] *Id.*

[40] *Id.* at 7–8.

[41] *See* Dkt. 176 at 2–17 (relying on the four factors drawn from *Hilton*, 481 U.S. at 776).

[42] *See, e.g., Compañía de Inversiones Mercantiles*, 2019 U.S. Dist. LEXIS 229141, at *5–6 ("It is in the context of the current Rule 62(d), not Rule 62(b), that courts typically apply the four-factor test traditionally used to evaluate injunctions."); *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, No. 16-cv-01627-CMA-STV, 2018 U.S. Dist. LEXIS 206162, at *3 (D. Colo. Dec. 6, 2018) (noting "it is unnecessary for the [c]ourt to analyze the four factors bearing on whether a stay of execution of judgment is warranted in the first place" given the movant's failure to carry its burden under Rule 62(b)); *see also United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 U.S. Dist. LEXIS 99284, at *4–5 (D.N.M. May 23, 2012)  (explaining "the four factor analysis typically applies to motions to stay equitable relief").

[43] *See* Dkt. 177 at 6.

[44] *See Compañía de Inversiones Mercantiles*, 2019 U.S. Dist. LEXIS 229141, at *4–6 (discussing the appropriate legal standards governing requests for a Rule 62(b) stay).

II.    **ESIP Fails to Meet Its Burden Under Rule 62(b)**

The court concludes that ESIP has failed to meet its burden of showing that the normal

Rule 62(b) bond requirement should be waived.

First, ESIP's proffered exhibits—the IPApproach Report and the Sevy Declaration—do

not demonstrate a present financial ability to respond to the judgment that is likely to continue.[45]

On the contrary, the Sevy Declaration suggests ESIP lacks sufficient funds to pay the judgment

and likely would need to liquidate its patents to generate the required funds.[46]  While the

IPApproach Report claims these patents have a fair market value of $1.3 million, it does not

clarify whether that accounts for the high-risk fire sale contemplated by ESIP.[47]  And the Sevy

Declaration suggests the resulting sum could be far less than fair market value,[48] raising

concerns over whether ESIP's patent sales could fall short of the court's judgment—especially

considering the possibility of other creditors.  Far from reassuring the court of ESIP's financial

security, these exhibits raise concerns about ESIP's ability to pay the court's judgment and

therefore fall well outside one of the two common scenarios for waiving the full bond

requirement.[49]

Second, even though the Motion and corresponding exhibits raise doubts about ESIP's

financial stability, they do not "objectively demonstrate" that ESIP's "present financial condition

---

[45] *See Sevy Declaration* ¶¶ 3–5.

[46] *Id.*

[47] *See IPApproach Report* at 2–4.

[48] *See Sevy Declaration* ¶¶ 3–5.

[49] *See Lech*, 2018 U.S. Dist. LEXIS 79501, at *3 ("[T]he district court has the discretion to reduce or waive the bond requirement if the [movant] demonstrates a present financial ability to respond to the judgment that is likely to continue or if the [movant's] present financial condition is such that posting a full bond would impose an undue financial burden." (internal quotation marks and citations omitted)).

is such that posting a full bond would impose an undue financial burden."[50]  ESIP seems to argue

that a full supersedeas bond requirement would expose it to an undue financial burden,[51] but the

only evidence offered in support is a self-serving Declaration from its principal manager.[52]

"Case law . . . makes clear that [this] . . . is not enough to justify waiving the full supersedeas

bond requirement."[53]  Indeed, while the Tenth Circuit has affirmed district courts' discretion to

waive the bond requirement if a party is "financially unable to post a full bond and . . . execution

on the judgment would place [it] in insolvency,"[54] the court cannot take ESIP's assertions on

sheer faith.[55]  Because ESIP fails to proffer sufficient objective evidence of its purported

financial straits, the court concludes that it has not shown good cause for a waiver of the normal

bond requirement.[56]

       But even if ESIP was able to demonstrate either (1) a present ability to the pay the

judgment that is likely to continue, (2) that posting a full bond would impose an undue financial

burden, or (3) that a full bond is otherwise "impossible or impractical" for it to provide, it has not

"present[ed] the court with a financially secure plan that will provide adequate security for

---

[50] *Perez v. El Tequila, LLC*, No. 12-CV-588-JED-PJC, 2016 U.S. Dist. LEXIS 36865, at *7 (N.D. Okla. Mar. 22, 2016) (citing *Miami Int'l Realty*, 807 F.2d at 873–74).

[51] *See* Dkt. 179 at 3–4; *see also* Dkt. 176 at 15–16 (discussing Plaintiffs' irreparable harm if the proceedings are not stayed).

[52] *See Sevy Declaration* ¶¶ 3–5.

[53] *Perez*, 2016 U.S. Dist. LEXIS 36865, at *7–9 (collecting cases showing a movant's conclusory statements and a corresponding affidavit do not satisfy the "objective evidence" needed to justify a waiver).

[54] *See Miami Int'l Realty*, 807 F.2d at 874.

[55] *See Perez*, 2016 U.S. Dist. LEXIS 36865, at *10–17 (collecting cases).

[56] *See also XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-0876-WJM-NYW, 2016 U.S. Dist. LEXIS 193147, at *7 (D. Colo. July 27, 2016) (expressing doubt over whether "the simple desire to avoid transactional expenses associated with bonding can ever overcome the presumption in favor of a full supersedeas bond, absent unusual circumstances").  As Defendants point out, if ESIP lacks the funds needed to provide the full judgment, it can potentially "use [the $1.3 million valuation] as collateral to support a cash bond." Dkt. 177 at 5.  While leveraged bonding carries some added costs, "[s]uch transactional costs have always been present, but a full bond is still the rule, not the exception."  *XY*, 2016 U.S. Dist. LEXIS 193147, at *7.

[Defendants], in lieu of posting a supersedeas bond."[57]  Indeed, the IPApproach Report and Sevy Declaration raise far more cause for alarm than assurance and fall short of establishing the "other security" needed for a stay under Rule 62(b).[58]  In the absence of an alternative plan, ESIP has failed to meet yet another key threshold for relief from the bond requirement.[59]

In sum, ESIP has failed to "demonstrate[] objectively that a full supersedeas bond is impossible or impractical" and "propose a plan that will provide adequate . . . security for [Defendants]."[60]  Therefore, ESIP has failed to meet its burden of showing the court should waive the normal bond requirement for a Rule 62(b) stay.

## III.   The *Dillon* Factors Weigh Against Waiving the Bond Requirement

Even if ESIP met its burden of showing good cause for a bond waiver, the five *Dillon* factors also weigh against deviating from standard practice.[61]  The first and second factors— complexity of the collection process and the amount of time required to obtain the judgment— support requiring a full supersedeas bond.  ESIP claims it will need to sell its patents before providing the full judgment, taking upwards of nine months.[62]  And Defendants contend that they still need to get a proper accounting of ESIP's assets and accounts, requiring supplemental proceedings and discovery.[63]  If true, these averments suggest the collection process will be far

---

[57] *Lech*, 2018 U.S. Dist. LEXIS 79501, at *6 (internal quotation marks and citation omitted).

[58] *See Hampton*, 2020 U.S. Dist. LEXIS 243469, at *16 (refusing to waive the normal bond requirement where the judgment debtor had not "established that he ha[d] the funds available to pay the Judgment").

[59] *See Lech*, 2018 U.S. Dist. LEXIS 79501, at *6–8 (declining to waive the supersedeas bond requirement when the movant failed to present a financially secure plan providing adequate security to the non-movant, and collecting cases holding the same).

[60] *Miami Int'l Realty*, 807 F.2d at 873–74.

[61] *See Dillon*, 866 F.2d at 904–05.

[62] Dkt. 176 at 16; *Sevy Declaration* ¶ 3.

[63] *See* Dkt. 177 at 4; *see also* Dkt. 171 at 1–2.

from seamless and may require Defendants to exert significant time and effort obtaining the outstanding fees.[64]

Similarly, the closely-related third and fourth factors—the degree of confidence the court has in the availability of funds to pay the judgment and ESIP's ability to pay the judgment—weigh against ESIP.   Given ESIP's contention that it lacks the funds needed to pay the court's judgment,[65] the court has little to no confidence in ESIP's ability to pay the judgment.  And while ESIP asserts that it has sufficient *assets* to cover the court's judgment, it speculates that "a significant portion of the value of [its] patents would be wasted" if sold at liquidation prices.[66] The distinct possibility that such a sale could yield far less than fair market value—or at least one estimate of fair market value[67]—greatly undermines ESIP's ability to pay the court's judgment.[68] In any event, "it is not enough that [ESIP] may presently have assets exceeding the amount of the judgment," without further assurances of ESIP's ability to pay Defendants.[69]

Finally, ESIP has not presented sufficient evidence for the court to determine where the fifth *Dillon* factor—whether requiring the movant to post a bond would place other creditors at

---

[64] *Cf. Avt-New York, L.P. v. Olivet Univ.*, No. 2:18-cv-00782, 2023 U.S. Dist. LEXIS 44031, at *11 (D. Utah Mar. 14, 2023) (concluding the complexity of the collection process weighs against a bondless stay where, among other considerations, collection requires "the less-than-ideal conditions of a forced sale"); *see also Compañia de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua*, No. 1:15-cv-02120-JLK, 2019 U.S. Dist. LEXIS 229141, at *6 (D. Colo. May 21, 2019) (concluding the second *Dillon* factor weighs against waiving the bond requirement when the movants' "past conduct belies any notion that collecting the judgment, if affirmed, will be straightforward or easy").

[65] *See* Dkt. 176 at 15–16; *Sevy Declaration* ¶ 3; Dkt. 179 at 3.

[66] *See* Dkt. 167 at 15–16; *see also Sevy Declaration* ¶ 3; Dkt. 179 at 3.

[67] *See IPApproach Report* at 1.

[68] *Cf. Hampton*, 2020 U.S. Dist. LEXIS 243469, at *16 (noting the court "has refused to waive the bond requirement where the judgment debtor didn't 'contend[] that it now has the funds available' to pay the judgment or that it 'would be able to raise the funds in a timely manner after the appeal is decided' (citing *Wilmer v. Bd. of Cnty. Comm'rs*, 844 F. Supp. 1414, 1419 (D. Kan. 1993))).

[69] *See Compañia de Inversiones Mercantiles*, 2019 U.S. Dist. LEXIS 229141, at *8 (finding the third and fourth factors weigh against waiving the bond requirement where movants "have made no assurances of their ability to pay, and [] have failed to present the court with a financially secure plan that will provide adequate security for the judgment creditor" (internal quotation marks and citation omitted)).

risk—lands.  While ESIP's Motion and the corresponding Sevy Declaration outline a precarious financial situation, "the court [does not have] access to [any] information revealing whether other creditors have a claim against [ESIP], or whether requiring [ESIP] to post the full supersedeas bond would place these creditors in an insecure position."[70]  Therefore, the court considers this factor neutral.

Having considered all five *Dillon* factors, the court concludes it would be inappropriate to stay these proceedings without a full supersedeas bond.  Indeed, the very purpose for the bond requirement is to "protect[] the interest of the judgment creditor by transferring the risk of loss from the judgment creditor to the judgment debtor."[71]  In this case, the risk of loss is particularly high given ESIP's purported lack of funds and the risks involved in liquidating its assets. Accordingly, the court will refrain from exercising its discretion to depart from the usual bond requirement.  If ESIP still seeks to stay these proceedings under Rule 62(b), it will need to first post a bond of $685,000—reflecting the outstanding judgment plus applicable post-judgment interest.[72]

---

[70] *Hampton*, 2020 U.S. Dist. LEXIS 243469, at *17 (finding the fifth factor "neutral" where the court did not have necessary information regarding the movant's creditors).

[71] *Melot*, 2012 U.S. Dist. LEXIS 99284, at *10 (citing *Peacock v. Thomas*, 516 U.S. 349, 359 (1996); *Miami Int'l Realty*, 807 F.2d at 873–74).

[72] *See Farm Bureau*, 2009 U.S. Dist. LEXIS 31333, at *5 ("In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay."); *see also Strong*, 443 F.3d at 1299 ("The bond . . . is usually for the full amount of the judgment, though the district court has discretion in setting the amount.").

**CONCLUSION**

For the reasons stated herein, ESIP's Motion for Stay of Proceedings Pending Appeal is

DENIED without prejudice.[73]  To the extent ESIP still seeks to request a stay pursuant to Rule

62(b), it will first need to post a bond of $685,000.  Accordingly, Defendants' Joint Motion for

Immediate Status Conference is DENIED as moot.[74]

SO ORDERED this 27th day of June, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[73] Dkt. 176.

[74] Dkt. 181.